**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

CHARLES ANTHONY SUMMERS,

        Petitioner,                       Case No. 3:09-CV-000674-LRH-RAM

vs
                                              ORDER
E.K. McDANIELS, *et al,*

        Respondents.   /

        Petitioner filed an amended petition for writ of habeas corpus as directed by the Court (docket #8). Respondents have moved to dismiss the petition as mixed; containing exhausted and unexhausted claims for relief (docket #11). Petitioner has responded to the motion (docket #14) and the matter is ripe for review.

**I.    Procedural History**

        Petitioner was charged in the Eighth Judicial District Court with murder with the use of a deadly weapon and two counts of attempted murder with the use of a deadly weapon. Exhibit 4.[1] A notice of intent to seek the death penalty was filed on February 11, 2004. Exhibit 3. After a jury trial he was convicted, but was sentenced to life in prison without the possibility of parole on the murder charge and concurrent terms of six to twenty years and eight to twenty years on the attempted murder charges. Exhibit 6. The Nevada Supreme Court affirmed the conviction on appeal with the opinion authored by Justice Hardesty and joined by Justices Becker, Gibbons and Parraguirre. A separate agreement, concurrence, and partial dissent was authored by Justice Rose and joined by Justices Maupin and

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the Court's docket at #12.

1 Douglas. Exhibit 10. Petitioner filed a belated Motion to Recall the Remittitur and Motion for
2 Enlargement of Time to File a Motion for Rehearing, contending the he had belatedly learned of a
3 potential breach of the Judicial Canons by Justice Becker while the appeal was pending. Exhibits 12 and
4 13. The motion was denied by the Nevada Supreme Court which concluded that even if the allegations
5 against the justice were true, which it did not find as fact, the outcome of the appeal would not have been
6 different. Exhibit 14.

7 Petitioner next brought a state post-conviction petition which was denied by the district court and
8 the denial was upheld on appeal. Exhibits 17 and 18. Thereafter, petitioner filed a petition for writ of
9 habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.

## II.     The Federal Petition

In the amended petition, petitioner raised four claims for relief. He claims that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment as ground one. He fails, however, to provide any facts to support the claims. As ground two he claims a violation of his rights under the Fifth, Sixth, and Fourteenth Amendments based upon allegations that Justice Becker has engaged in improper employment negotiations with the Clark County District Attorney's Office while petitioner's direct appeal was pending. Ground three claims violations of the Fifth, Sixth, and Fourteenth Amendments resulting from the jury selection and counsel's inability to challenge a juror for cause when it was revealed the juror's daughter had had a personal relationship with the prosecuting attorney. As ground four, petitioner contends his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated through the ineffective assistance of counsel in failing to personally interview the State's witness, Officer Crawford.

## III.    Discussion

Respondents move to dismiss the petition, arguing it contains exhausted and unexhausted grounds. Specifically, respondents contend that ground two has not been exhausted as it was presented to the Nevada Supreme Court in a procedural context where the merits of the claim would not rightfully be considered and because when it was presented to the Nevada Supreme Court it was not presented as a constitutional violation, but merely as a violation of the state's judicial canons. Respondents contend

2

1  that petitioner must agree to abandon the unexhausted claim for relief because petitioner would be unable
2  to show good cause for failing to exhaust as he actually knew of the existence of the claim prior to filing
3  his post-conviction petition but failed to present the claim in that forum.

4  Respondents also argue that ground one fails to state a claim because it provides no facts to
5  support the contention of ineffective assistance of counsel.

6  Petitioner opposes dismissal arguing that he attempted to present his claims, but no one would
7  help him and the court was not interested in what he had to say.  Petitioner's arguments appear to be
8  directed toward the ineffective assistance of counsel claim in ground one.  As to the status of ground two,
9  petitioner merely argues the merits of his claim: "I didn't get a fair trial.  I didn't get a fair hearing on
10 my direct thanks to Justice Nancy Becker.  I didn't get a fair hearing on my habeas corpus."  Opposition
11 to Motion to Dismiss, p. 4.  He offers no explanation why he did not raise ground two in his post-
12 conviction petition.

13     A.    <u>Conclusory Ground for Relief</u>

14 Ground one of the petition claims, "petitioner was denied his 6th Amendment right to effective
15 counsel at trial, who is willing to testify on behalf of petitioner, providing evidence of above asserted
16 claim."  Petitioner provides no insight as to what counsel's proposed testimony might entail and does
17 not outline even the briefest facts to support his claim.

18 A petitioner must state specific, particularized facts which entitle him or her to habeas corpus
19 relief for each ground specified.   These facts must consist of sufficient detail to enable the court to
20 determine, from the face of the petition alone, whether the petition merits further habeas corpus review.
21 *Adams v. Armontrout,* 897 F.2d 332, 334 (8th Cir. 1990).  Conclusory allegations not supported by a
22 statement of specific facts do not warrant habeas corpus relief.  *Jones v. Gomez*, 66 F.3d 199, 205 (9th
23 Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996).

24 Ground one of the petition shall be dismissed.

25     B.    <u>Exhaustion</u>

26 As noted, respondents contend that ground two of the petition has not been exhausted in the state
27 courts.  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
28

exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to State case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

The mere similarity of claims of state and federal error is insufficient to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987. Fair presentation requires that the petitioner must present "both the operative facts and

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

4

the federal legal theory on which his claim is based" to the state court. *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir.2003).

Petitioner has not exhausted ground two of his federal habeas petition. He failed to present a federal legal or constitutional basis of the claim in his motions to recall the direct appeal remittitur and for time to move for rehearing of his direct appeal. He did not raise the claim at all in his subsequent state post-conviction petition. Thus, the federal claim presented in this petition has never been presented or considered by the state's highest court. Furthermore, respondents are correct that a stay and abeyance of the petition to allow for a return to state court would be improper in this context. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed some limitations upon the discretion of this court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. Because petitioner was aware of the claim related to judicial bias prior to filing his state post-conviction petition, but failed to present the claim in that petition, he cannot show good cause for not exhausting the claim.

The Court finds ground two of the petition is unexhausted in state court. Consequently, the court finds the petition in this action to be a "mixed" petition -- one containing both claims exhausted in state court and claims not exhausted in state court. As such, the entire petition is subject to dismissal, unless petitioner elects to abandon the unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen*, 709 F.2d 1340, 1341 (9th Cir.1983).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #11) is **granted.**

///

///

**IT IS FURTHER ORDERED** that petitioner shall have thirty days from entry of this order to notify the Court of intent to forever abandon ground two of the amended petition. Petitioner shall file a document entitled Declaration of Intent to Abandon and shall outline in that declaration his intention to voluntarily abandon forever the claim presented in ground two of the amended petition. The declaration shall be signed under penalty of perjury. Failure to timely file the declaration shall result in the petition being dismissed in its entirety.

**IT IS FURTHER ORDERED** that no later than thirty days following the filing of petitioner's Declaration of Abandonment, respondents shall file their answer to the remaining grounds for relief in the amended petition. There after, petitioner shall have thirty days to reply.

Dated this 17th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE