# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES ANTHONY SUMMERS,

        Petitioner,　　　　　　　　　Case No. 3:09-CV-000674-LRH-RAM

    vs

    　　　　　　　　　　　　　　　ORDER

E.K. McDANIELS, *et al,*

        Respondents.　　/

    This is an action on an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Charles Anthony Summers, appearing pro se. Following the Court's decision on a motion to dismiss, three grounds for relief remain. Respondents have now filed their answer to those grounds and petitioner has filed his traverse. The petition shall be denied.

**I.　Procedural History**

    Petitioner was charged in the Eighth Judicial District Court with murder with the use of a deadly weapon and two counts of attempted murder with the use of a deadly weapon. Exhibit 4.[1] A notice of intent to seek the death penalty was filed on February 11, 2004. Exhibit 3. After a jury trial he was convicted, but was sentenced to life in prison without the possibility of parole on the murder charge and concurrent terms of six to twenty years and eight to twenty years on the attempted murder charges. Exhibit 6. The Nevada Supreme Court affirmed the conviction on appeal with the opinion authored by Justice Hardesty and joined by Justices Becker, Gibbons and Parraguirre. A separate agreement, concurrence, and partial dissent was authored by Justice Rose and joined by Justices Maupin and

---

[1] The exhibits referenced in this order were submitted by respondents in support of the motion to dismiss and are found in the Court's docket at #12.

Douglas. Exhibit 10. Petitioner filed a belated Motion to Recall the Remittitur and Motion for Enlargement of Time to File a Motion for Rehearing, contending the he had belatedly learned of a potential breach of the Judicial Canons by Justice Becker while the appeal was pending. Exhibits 12 and 13. The motion was denied by the Nevada Supreme Court which concluded that even if the allegations against the justice were true, which it did not find as fact, the outcome of the appeal would not have been different. Exhibit 14.

Petitioner next brought a state post-conviction petition which was denied by the district court and the denial was upheld on appeal. Exhibits 17 and 18. Thereafter, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court.

## II.     The Federal Petition

In the amended petition, petitioner raised four claims for relief. He claims that he received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment as ground one. He fails, however, to provide any facts to support the claims. As ground two he claims a violation of his rights under the Fifth, Sixth, and Fourteenth Amendments based upon allegations that Justice Becker has engaged in improper employment negotiations with the Clark County District Attorney's Office while petitioner's direct appeal was pending. Ground three claims violations of the Fifth, Sixth, and Fourteenth Amendments resulting from the jury selection and counsel's inability to challenge a juror for cause when it was revealed the juror's daughter had had a personal relationship with the prosecuting attorney. As ground four, petitioner contends his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments were violated through the ineffective assistance of counsel in failing to personally interview the State's witness, Officer Cranford.

On respondents' motion to dismiss, the Court found that ground one was conclusory and should be dismissed and that ground two of the petition was unexhausted and dismissed that ground for relief based upon petitioner's declaration of abandonment of that unexhausted ground. The merits of the two remaining grounds for relief, grounds three and four, are discussed below.

///

///

**III.    Discussion**

      A.    <u>Conclusory Ground for Relief</u>

As discussed in the order on the motion to dismiss, ground one of the petition, which claims "petitioner was denied his 6th Amendment right to effective counsel at trial, who is willing to testify on behalf of petitioner, providing evidence of above asserted claim" is conclusory, without the necessary specifics required to obtain relief under the federal habeas provisions.

A petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Conclusory allegations not supported by a statement of specific facts do not warrant habeas corpus relief. *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995), *cert. denied*, 517 U.S. 1143 (1996).

Ground one of the petition shall be denied.

      B.    <u>Merits</u>

28 U.S.C. §2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), provides the standards of review that this Court applies to the petition in this case:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. §2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 1173, 155

3

1  L.Ed.2d 144 (2003) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 146 L.Ed.2d 389
2  (2000), and *citing Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002).

3      A state court decision is an unreasonable application of clearly established Supreme Court
4  precedent, within the meaning of 28 U.S.C. §2254(d), "if the state court identifies the correct governing
5  legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts
6  of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. at 74, 123 S.Ct. at 1174 (*quoting Williams*, 529
7  U.S. at 413, 120 S.Ct. 1495). The "unreasonable application" clause requires the state court decision to
8  be more than incorrect or erroneous; the state court's application of clearly established law must be
9  objectively unreasonable. *Id*. (*quoting Williams*, 529 U.S. at 409, 120 S.Ct. 1495).

10     In determining whether a state court decision is contrary to federal law, this Court looks to the
11 state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford*
12 *v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 122 S.Ct. 324 (2001)

13     With respect to pure questions of fact, "a determination of a factual issue made by a State court
14 shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption
15 of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1).

16     <u>Ground Three</u>

17     In ground three, petitioner claims that petitioner was denied rights guaranteed by the Fifth, Sixth,
18 and Fourteenth Amendments where the district attorney failed to disclose that one of the potential, and
19 ultimately chosen jurors, was the mother of a former girlfriend. Petitioner contends that the prosecutor
20 breached an obligation to disclose this relationship before the defense had used all of its peremptory
21 challenges and the resulting jury was unfair.

22     Even if only one juror is unduly biased or prejudiced, the defendant is denied his constitutional
23 right to an impartial jury. *United States v. Eubanks*, 591 F.2d 513, 517 (9th Cir.1979) (per curiam).
24 However, the Nevada Supreme Court concluded in review of this claim on direct appeal, that because
25 petitioner had not challenged the juror for cause and because the voir dire did not reveal the juror was
26 biased or improperly seated, petitioner's claim must fail. *See* Exhibit 10, p 13. In the instant petition and
27 in his traverse, petitioner contends, without actually demonstrating the fact, that the juror was biased in
28 favor of the prosecution and that the court and the prosecutor had a duty to remove the juror.

Petitioner's contention is without merit as he has failed to show that the juror was "unduly biased or prejudice." *Eubanks, supra.* Petitioner has not demonstrated that the Nevada Supreme Court's handling of the this claim was an objectively unreasonable application of clearly established federal law or an unreasonable determination of the facts. No relief is warranted on ground three.

Ground Four

Ground four of the petition claims that counsel was ineffective for failing to "properly and personally" interview the police witness who testified that a woman stopped him while he was on patrol and identified petitioner as an individual police should be looking for in the La Palms murder. Petitioner complains that the officer did not obtain the individual's name and that her information was "street information" which the officer then improperly repeated during his testimony at trial. Petitioner further contends that, had counsel interviewed the police officer before trial, the hearsay testimony could have been kept out of the trial.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Court established the standards by which claims of ineffective counsel are to be measured. In *Strickland*, the Court propounded a two prong test: a petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* Court instructed that review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the "distorting effects of hindsight." *Id.* at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] the [petitioner] must overcome the presumption that ... the challenged action might be considered sound trial strategy." *Id*. (citation omitted).

First, the Court notes that respondents have not provided the transcript of the trial so that a review of the testimony might be made. However, despite this deficiency, it is possible to determine that counsel's performance in not preventing the officer's testimony does not meet the *Strickland* standard

5

for ineffective representation.  First, based upon the Nevada Supreme Court's order denying relief on appeal from post-conviction review, petitioner has not demonstrated that counsel's performance was deficient.  Neither has he demonstrated the requisite prejudice derived from counsel's purported failure to interview the officer or failure to prevent the officer's testimony on this point.

In addressing this claim, the Nevada Supreme Court determined:

> Prior to trial, appellant's counsel attempted to obtain information concerning the woman's identity, but were unable to do so because the State prosecutors also did not have that information.  Counsel questioned Officer Cranford concerning the reasons why he withheld her identity.  As the woman did not have firsthand knowledge of the incident, appellant failed to demonstrate that any testimony she may have provided would have been admissible. *See* NRS 51.035; NRS 51.065.  Thus, appellant failed to demonstrate that had his counsel performed additional pretrial questioning of Officer Cranford there was a reasonable probability of a different outcome at trial.

Exhibit 18, p. 4.

Additionally, while the statement made to the police and then repeated to the jury might have been objectionable hearsay, under applicable rules of evidence, the testimony would have been allowed as an exception to the hearsay rule - for example, not for the truth of the statement, but rather for the effect the statement had upon the officer, e.g., the statement caused him to report the information to detectives, who then refocused their investigation.  It is almost certain that the officer's testimony that an unidentified individual had volunteered "street information" about the murder could not have been considered substantive evidence against petitioner.

Petitioner has not shown that his counsel was ineffective in this regard.  Neither has he shown that the determination of the Nevada Supreme Court was in error under the AEDPA.  28 U.S.C. § 2254.

**IV.    Conclusion**

Petitioner's petition shall be denied as he has not demonstrated that the state court's handling of his claims were objectively unreasonable, either in its application of clearly established federal law or in its factual determination.

Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Amended Petition for Writ of Habeas Corpus (ECF No. 8) is **DENIED.**

**IT IS FURTHER ORDERED** that no Certificate of Appealability shall issue. The Clerk shall enter Judgment accordingly.

Dated this 18th day of May, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE