# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES ANTHONY SUMMERS,

      Petitioner,                              Case No. 3:09-CV-000674-LRH-RAM

    vs

                                                    ORDER

E.K. McDANIELS, *et al,*

      Respondents.   /

       This is an action on an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Charles Anthony Summers, appearing pro se. Petitioner has moved for reconsideration of the Court's order denying his petition and certificate of appealability (ECF No. 27), suggesting that the denial was based on a general bias among the courts.

       With respect to petitioner's motion, where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

       Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

       (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Further, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Petitioner's motion reiterates the claims related to the admission of hearsay testimony through the police officer and the presence on the jury of an individual who had some relationship with the prosecutor. He does not present any newly discovered evidence and has not shown that the Court committed clear error in denying his claims under the strictures of 28 U.S.C. § 2254(d). The motion shall be denied.

**IT IS THEREFORE ORDERED** that the motion to reconsider (ECF No. 27) is **DENIED.**

Dated this 29th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE