1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

7

8

9    CHARLES ANTHONY SUMMERS,

10                    Petitioner,                    Case No. 3:09-CV-000674-LRH-RAM

11        vs
                                                      ORDER
12    E.K. McDANIELS, *et al,*

13    _____ Respondents.    /

14        This is an action on an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

15    brought by Charles Anthony Summers, appearing pro se.  Petitioner has moved for reconsideration of

16    the Court's order denying his petition and certificate of appealability (ECF No. 27), suggesting that the

17    denial was based on a general bias among the courts.

18        With respect to petitioner's motion, where a ruling has resulted in final judgment or order, a

19    motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to

20    Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule

21    60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert.*

22    *denied* 512 U.S. 1236 (1994).

23        Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the

24    following reasons:

25        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
          which by due diligence could not have been discovered in time to move for a new trial
26        under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
          misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)
27        the judgment has been satisfied, released, or discharged, or a prior judgment upon which
          it is based has been reversed or otherwise vacated, or it is no longer equitable that the

28

1   judgment should have prospective application; or (6) any other reason justifying relief
    from the operation of the judgment.

2

3   Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin*

4   *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party

5   must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

6   *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part*

7   *and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Further, a motion under Fed. R. Civ.

8   P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is

9   presented with newly discovered evidence, committed clear error, or if there is an intervening change in

10  the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.*

11  *Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

12          Petitioner's motion reiterates the claims related to the admission of hearsay testimony through

13  the police officer and the presence on the jury of an individual who had some relationship with the

14  prosecutor.  He does not present any newly discovered evidence and has not shown that the Court

15  committed clear error in denying his claims under the strictures of 28 U.S.C. § 2254(d).  The motion shall

16  be denied.

17          **IT IS THEREFORE ORDERED** that the motion to reconsider (ECF No. 27) is **DENIED.**

18

19          Dated this 29th day of November, 2011.

20

21

22                                          _____
                                            LARRY R. HICKS
23                                          UNITED STATES DISTRICT JUDGE

24

25

26

27

28                                              2