UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

CHARLES ANTHONY SUMMERS,

Petitioner,

v.

E.K. MCDANIELS, et al.,

Respondents.

Case No. 3:09-cv-00674-LRH-RAM

ORDER

On November 18, 2010, this court granted respondents' motion to dismiss certain grounds of petitioner Charles Anthony Summers' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 15). The court dismissed ground 2 of the petition as unexhausted. *Id.* On December 16, 2010, Summers filed a motion to abandon ground 2 (ECF No. 17), which the court granted on December 28, 2010 (ECF No. 18). On May 19, 2011, the court denied the remaining grounds in the petition, and judgment was entered (ECF Nos. 25 and 26). Summers appealed to the Ninth Circuit Court of Appeals, the Ninth Circuit appointed counsel for Summers, and on May 15, 2014, the Ninth Circuit affirmed the denial of the petition (ECF Nos. 32, 34, 35). The United States Supreme Court denied the petition for a writ of certiorari on November 10, 2014 (ECF No. 41).

On July 7, 2016, nearly two years after the denial of certiorari, Summers filed what he has styled a Rule 60(b) motion for relief from judgment (ECF No. 42).

However, he argues that this court should reconsider its November 2010 order dismissing ground two of the petition for failure to exhaust.

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id.* at 532.

Summers does not assert some defect in the integrity of the federal habeas proceedings. Instead, nearly six years later, he essentially seeks reconsideration of the dismissal of ground 2, though he never sought reconsideration before the resolution of the remaining grounds on the merits. Moreover, Summers presents no new factual allegations whatsoever to challenge this court's determination that he never presented federal ground 2 as a federal constitutional claim to the Nevada Supreme Court. This motion is meritless and is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from judgment pursuant to FRCP Rule 60(b) (ECF No. 42) is **DENIED**.

DATED this 1st day of August, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2